COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-229-CR
 
  
PERCY GOODSPEED                                                              APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
   
------------
 
FROM THE 371ST DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Percy 
Goodspeed appeals from his conviction for failure to comply with sex offender 
registration requirements. In two points, appellant complains that the evidence 
was insufficient to sustain the guilty verdict because there was a fatal 
variance between the indictment and the proof at trial and that the variance 
violated his right to due process because he did not receive proper notice of 
the charge against him. We will affirm.
        The 
indictment in this case alleged that, on or about April 6, 2003, appellant 
intentionally or knowingly failed
  
to report in person to the local law enforcement authority with whom he last 
registered under the sex offender registration program, to wit: Chief of Police 
of Fort Worth, Texas and to his community supervision and corrections department 
officer or parole officer and provide . . . his anticipated move date and new 
address not later than seven days before his intended change of address . . . .[2]
 
        Appellant 
asserts that the evidence was insufficient because there was no evidence that he 
failed to report the information to either the chief of police or his community 
supervision and corrections department officer or parole officer. But Detective 
David Rogers testified that police records showed that appellant never went to 
the police department to meet with any Fort Worth police officer to give an 
update on his address. No one at the police department knew that appellant’s 
address had changed until an officer attempted to verify it a week after 
appellant had moved.
        This 
evidence is legally and factually sufficient to sustain appellant’s conviction 
because it proves that he failed to meet one of the two sex offender 
registration requirements: reporting his new address to the Fort Worth Chief of 
Police.[3]  Accordingly, we overrule 
appellant’s points and affirm the trial court’s judgment.[4]
 
   
                                                                  PER 
CURIAM
   
 
 
PANEL 
F:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Code Crim. Proc. Ann. 
art. 62.04(a) (Vernon Supp. 2004-05) (setting out requirements for providing 
change of address information).
3.  
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) 
(setting out legal sufficiency standard); see also Zuniga v. State, 144 
S.W.3d 477, 481, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency 
standard).
4.  
To the extent that appellant is arguing that there was a fatal variance between 
the indictment and the proof at trial because there was no evidence that he 
failed to report to his parole officer, the variance, if any, was neither 
material nor prejudicial to appellant’s substantial rights.  See 
Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  The 
indictment sufficiently informed appellant of the charge against him so that he 
could present an adequate defense, and he does not complain that the evidence 
that he had no supervising parole officer to report to prejudiced him in any 
way.  Moreover, he does not run the risk of being reprosecuted for the 
April 6, 2003 failure to report.  Therefore, the alleged variance was not 
fatal.  See id.